GOWENS *v.* ALAMANCE COUNTY.

MRS. LAWRENCE GOWENS, WIDOW OF LAWRENCE GOWENS, DECEASED; MARY RUTH GOWENS, THEO GOWENS, ALFRED GOWENS, JUANITA GOWENS AND CAROL GOWENS, CHILDREN, v. ALAMANCE COUNTY, H. J. STOCKARD, SHERIFF OF ALAMANCE COUNTY; AND HARTFORD ACCIDENT & INDEMNITY COMPANY.

(Filed 16 June, 1939.)

**1. Sheriffs § 2—**

While the office of sheriff is provided for by Art. IV, sec. 24, of the State Constitution, the right of the sheriff to appoint deputies is a common law right and deputies appointed by the sheriff are public officers, but their duties and authority relate only to ministerial duties imposed by law upon the sheriff, in the performance of which they act for the sheriff in his name and right.

**2. Jails § 1—**

The duties of a jailer are those prescribed by statute and those recognized by common law, and he has no authority by virtue of his office to serve processes or make arrests except, perhaps, in preventing an escape.

**3. Same—Positions of deputy sheriff and jailer are separate and distinct.**

Where a person appointed by the sheriff as a deputy is also appointed by him as jailer, and subsequent to an act authorizing the county commissioners to designate the jailer (Public-Local Laws of 1935, ch. 201) the commissioners permit him to continue his employment as jailer and pay him the salary fixed by the commissioners, such person necessarily acts either in his capacity as deputy sheriff by appointment of the sheriff or as jailer by virtue of his employment by the county, the two positions being separate and distinct.

**4. Master and Servant § 39d—Evidence held insufficient to support finding that employee was injured and killed in the course of his employment as jailer.**

The evidence tended to show that the deceased employee had been appointed by the sheriff as a deputy and had been employed by the county as jailer, that while in the jail he was advised that a man in the vicinity of the jail had shot his wife, that he left the jail and was killed while attempting to arrest· the man as he was preparing to flee. *Held:* In attempting to make the arrest the employee was acting in his capacity as deputy sheriff, such act being outside the scope of his employment as jailer, and the evidence is insufficient to support a finding by the Industrial Commission that he was fatally injured in an· accident arising out of and in the course of his employment as jailer.

CLARKSON, J., dissenting.

DEVIN, J., dissenting.

SCHENCK, J., concurs in the dissenting opinion of DEVIN, J.

APPEAL by defendants from *Sinclair, Emergency Judge,* at January-February Term, 1939, of ALAMANCE.   Reversed.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to plaintiff, an employee of Alamance County.

This cause was here at the Spring Term, 1938, and was remanded, with directions that the Industrial Commission clarify an alternative finding that the deceased either as a deputy sheriff or as jailer, or in the dual capacity of deputy sheriff-jailer, suffered an injury by accident arising out of and in the course of his employment resulting in his death, by definitely finding whether the deceased suffered such injury by accident arising out of and in the course of his employment as jailer.

Pursuant to an order of remand by the court below in accord with the opinion of this Court, *Gowens v. Alamance County,* 214 N. C., 18, and after notice to the parties, the Industrial Commission entered its opinion in which it is stated:

"The full commission, after reviewing the evidence and file in this case, now finds as a fact that the said Lawrence Gowens did suffer an injury by accident arising out of and in the course of his employment as jailer on July 31, 1936, resulting in his death.

"This finding is made as a supplement and in addition to the findings heretofore made and set out in the record." Thereupon an award was made and the defendants appealed. When the cause came on to be heard in the Superior Court the court below sustained the finding of the commission and affirmed the judgment awarding compensation to plaintiffs. Defendants excepted and appealed.

*Long, Long & Barrett for plaintiffs, appellees.*
*George D. Taylor and R. M. Robinson for defendants, appellants.*

BARNHILL, J. Upon the rehearing the Industrial Commission adopted and reaffirmed its former findings. They now stand as the findings in this cause except as they are modified by the conclusion of the Commission that the deceased at the time of his injury and death was acting as jailer.

In the opinion of the hearing commissioner, approved by the full commission, we find the following resume of the evidence, to wit: "The evidence discloses that on the day Lawrence Gowens was killed he was at the jail about his duties, and was called to come immediately to the home of one Bob Campbell, who lived just two doors from the jail, nearly in the back yard of the jail, and was advised that the said Campbell had shot his wife. The deceased went immediately to the home of said Bob Campbell where the wife of Campbell had been seriously wounded by a gunshot inflicted upon her by her husband, Bob Campbell, and he, Deputy Sheriff Gowens, the deceased, thereupon found Campbell armed with a shotgun and in the act of leaving his home, and when

the deceased attempted to arrest the said Campbell and deter him from fleeing, he was fatally shot by Campbell, from which injuries he died within a short while thereafter."

In the original award the commission held that deceased acted in a dual capacity and undertook to treat the positions held by him as one. It concluded that he acted either in the capacity of deputy sheriff in charge of the jail or as jailer authorized to perform the duties of a deputy sheriff.

While these two offices, or positions, are usually held by one person for convenience and efficiency, they are separate and distinct. The Constitution provides for the office of sheriff. N. C. Const., Art. IV, sec. 24. There is no constitutional authority for appointment of deputies sheriff. The right of the sheriff to appoint deputies is a common law right. "The deputy is an officer coeval in point of antiquity with the sheriff." *Lanier v. Greenville,* 174 N. C., 311, 93 S. E., 850; *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826. He is the deputy of the sheriff, one appointed to act ordinarily for the sheriff and not in his own name, person or right, and although ordinarily appointed by the sheriff, is considered a public officer. 57 C. J., 731, Sec. 4. The duties and authority of a deputy sheriff relate only to the ministerial duties imposed by law upon the sheriff. *Borders v. Cline, supra.*

Likewise, the position of jailer is one of common law origin and has existed from time immemorial. The statute, C. S., 3944, provides that: "The sheriff shall have the care and custody of the jail in his county; and shall be, or appoint, the keeper thereof." The duties of the jailer are those prescribed by statute and such as were recognized at common law.

In Alamance County, until 1935, the sheriff had the right to appoint the jailer under the provisions of C. S., 3944, and of ch. 559, Public-Local Laws 1927. The Legislature, by ch. 201, Public-Local Laws 1935, repealed ch. 559, Public Laws 1927, and vested in the Board of Commissioners of Alamance County "full power and authority to name and designate the jailer and such other assistants as in the opinion of said board shall be necessary to properly maintain, operate and supervise the said jail and the inmates therein, and to prescribe the rules and regulations and general policies of such operation, maintenance and supervision of said jail, and to prescribe the duties of the said jailer and his assistants."

After the enactment of ch. 201, Public-Local Laws 1935, the commissioners of Alamance County permitted the deceased, who had theretofore been appointed jailer by the sheriff, to continue his employment as such without any new appointment. They paid him his salary fixed by the commissioners and the turnkey fees allowed by law. The mere fact that they did not specifically reappoint him did not affect his posi-

GOWENS *v.* ALAMANCE COUNTY.

tion as an employee of the county from and after the enactment of the recited statute.

We have been unable to find in the common law, or in the decisions or statutes of this State, any declaration or provision which could be interpreted as vesting in the jailer any authority to serve process or make arrests. Whenever he undertook to do so, except perhaps in attempting to recapture a prisoner who had escaped from his custody, of necessity, he was acting in his capacity as deputy sheriff, and not as jailer.

There is no such position as deputy sheriff-jailer known to the law. When the deceased undertook to act in given instances he was acting either as jailer by virtue of his employment by the county, or as deputy sheriff under his appointment by the sheriff.

As stated in the original findings of the commission, when the deceased went to the scene of the shooting and found Campbell, the man who had shot his wife, armed with a shotgun and in the act of leaving his home, "Deputy Sheriff Gowens, the deceased," attempted to arrest him. In so doing he was acting in his capacity as a deputy sheriff. If he was undertaking to act in his capacity as jailer, then his act in attempting to arrest Campbell was entirely outside the scope of his employment as jailer, and the injuries he received in attempting to make the arrest did not arise out of or in the course of his employment by the county as such. No other conclusion is permissible.

That he was undertaking to act as deputy sheriff is not only supported by the specific findings of fact by the commission, but by other evidence in the record which tends to show that a person nearby called to the wife of the deceased, informed her of the shooting, and inquired for the sheriff. In consequence of the information and the inquiry for the sheriff, his deputy, the deceased, as it was his duty to do as deputy sheriff, responded.

In the liability policy issued by the defendant the deceased was named as an employee of the county. He received an injury which caused his death. If the fact that, although the deceased was insured, he cannot recover, makes this appear as a hard case, we must bear in mind that the defendant Indemnity Company contracted to pay only in the event the defendant county was liable.

As there is no evidence in the record to support the conclusion that the deceased suffered an injury by accident arising out of and in the course of his employment as jailer, the judgment below must be

Reversed.

CLARKSON, J., dissenting: In the judgment of Sinclair, J., in the court below is the following: "And it further appearing to the court,

pursuant to the direction of the Supreme Court, the said Industrial Commission has made the following finding of fact, to wit:

" 'The Supreme Court remanded this cause to the Industrial Commission asking: "Did Lawrence Gowens suffer injury by accident arising out of and in the course of his employment as jailer?"

" 'The Full Commission, after reviewing the evidence and file in this case, now finds as a fact that the said Lawrence Gowens did suffer an injury by accident arising out of and in the course of his employment as jailer on July 31, 1936, resulting in his death.'

"And it appearing to the court, upon reviewing all of the evidence set out in the record, that the deceased, Lawrence Gowens, was duly and regularly employed as jailer in Alamance County, and that he was serving in that capacity at the time of his fatal injury and death, and that for more than 20 years it had been the custom in Alamance County for the jailer to be deputized by the sheriff, and that pursuant to the said custom the said Lawrence Gowens as jailer was so deputized: And it further appearing to this court that there is sufficient evidence in the record in this cause to support the said finding of fact by the Industrial Commission, and being of the opinion that this constitutes the only question of law before this court on this appeal, it is therefore considered, ordered and adjudged that the several assignments of error of the defendants on appeal be and they are hereby overruled, and the said supplemental award, finding of fact and conclusion of law by the Industrial Commission are hereby approved and affirmed. It is further considered, ordered and adjudged that the defendants pay the compensation to the dependents of the said Lawrence Gowens, all in accord with as set out in the award and supplemental award heretofore entered in this cause by the said Industrial Commission, together with all costs of this action."

N. C. Code, 1935 (Michie), sec. 4544, is as follows: "Every sheriff, coroner, constable, officer or police, *or other officer,* entrusted with the care and preservation of the public peace, who shall know or have reasonable ground to believe that any felony has been committed, or that any dangerous wound has been given, and shall have reasonable ground to believe that any particular person is guilty, and shall apprehend that such person may escape if not immediately arrested, shall arrest him without warrant, and may summons all bystanders to aid him in such arrest."

In *S. v. Pugh,* 101 N. C., 737 (740), is the following: "The jury ought not to weigh the conduct of the officer as against him in 'gold scales'; the presumption is he acted in good faith. This is the rule applicable in such cases as the present one, as settled in *S. v. Stalcup,* 2 Ired., 50; *S. v. McNinch,* 90 N. C., 696." (The F. A. McNinch in

the above case was the father of Hon. F. A. McNinch, who was chairman of the Federal Power Commission and now chairman of the Federal Communications Commission.)    *S. v. Jenkins*, 195 N. C., 747.

Lawrence Gowens was performing his duty in the jail as jailer. "Other officer" in the above act includes "jailer." Immediately back of the jail "nearly in the back yard of the jail" a shot rang out, someone was shot (Robert Campbell had shot his wife). Mrs. Gowens, the jailer's wife, testified: "I ran in the house and called him (her husband) and he went right on down." In calling distance of the jail was Campbell and when Gowens attempted to arrest him, Campbell, who had shot his wife immediately before, killed Gowens. Lawrence Gowens was an employee of the county of Alamance. The premium had been paid to the Hartford Accident and Indemnity Co., and the company had compensation coverage for the county.

Deputies and jailers, since 30 March, 1939, by act of the General Assembly, have been clearly brought within the purview of the Workmen's Compensation Act. See ch. 277, Public Laws 1939. In view of this liberal extension of coverage, the present decision seems unwarranted.

The Industrial Commission made an award to the widow and her five children and this was approved and affirmed by the court below. The main opinion reversing the Industrial Commission, I think too narrow and attenuated and sticking in the bark. Must the jailer sit with his hands folded when an emergency arises? In taking prisoners and bringing them back from the jail to the courtroom or courthouse to be tried, if an escape is attempted, shall the jailer do nothing? If a mob assembles outside the jail can the jailer not go out of the jail and attempt to disperse them? In the shadow of the jail there was an emergency call, a man had shot his wife. The jailer, on the call of his wife, ran out to arrest the offender and was killed. Surely she and her five children should not be barred on a technicality from an award. He acted as an officer in good faith. This emergency call should not be used against him and his conduct weighed in "gold scales." A finespun argument should not prevail in a case like this. The Workmen's Compensation Act should be construed liberally in the interest of humanity. The Industrial Commission and court below should not be overruled.

DEVIN, J., dissenting: The Industrial Commission found as a fact that the deceased suffered an injury by accident arising out of and in the course of his employment as jailer, resulting in his death. If there is any evidence to support this finding the judgment below should be affirmed. An examination of the testimony in the record discloses that the witness H. J. Stockard testified that the deceased had gone to arrest

Campbell, but it does not appear that Stockard was present on the occasion or had any personal knowledge of what took place. The only witness testifying of personal knowledge was Mrs. Lawrence Gowens, the wife of deceased. She said: "On the date my husband was killed I was at home at the jail. . . . I heard a shot and I went to the front porch. There was a man working on the telephone post and he called me and asked if the sheriff was there—said somebody had a gun down street and had shot somebody. I ran in the house and called him (deceased) and he went right on down. The jail house is on the corner of Maple Avenue and Elm Street. The Campbell house is two doors below the jail—the second door below the jail, on Elm Street, immediately back of the jail." That is all the testimony in the record relating to the circumstance of his death. It was admitted that he was killed by a gunshot fired by Campbell.

While the original hearing commissioner made findings of fact as to the manner in which the deceased came to his death (quoted in the majority opinion), the case on appeal agreed to by counsel, constituting the record before us, contains no testimony to support such finding. The only witnesses on this record whose testimony referred in any way to the manner of his death were H. J. Stockard and Mrs. Lawrence Gowens, herein above quoted.

Considering this testimony, it seems unquestionable that the deceased was on duty as jailer at the time of his injury. He had charge of the jail premises and of the prisoners. From Mrs. Gowens' testimony it appears that he received warning that there was a man with a gun in the street immediately back of the jail—a man who had just shot someone—and that the jailer went right out. It was his duty as jailer to investigate any menace or disturbance in the immediate vicinity of the premises and prisoners which he had in charge. Whether his purpose was to make an arrest or to investigate a happening which might affect his charge, was a matter of inference to be drawn from the facts in evidence. The conclusion that he went out of the jail to make an arrest as deputy sheriff does not necessarily follow. Nor does it necessarily follow because he was outside the jail at the time of his injury that he was not attempting to perform some duty in connection with his employment as jailer.

If there be any reasonable inference from the testimony to support the finding of the Industrial Commission that the deceased suffered an injury by accident arising out of and in the course of his employment as jailer, the ruling of the court below was correct. I think the evidence as reported permits such an inference, and that the judgment sustaining the award of compensation to the widow should be affirmed.

SCHENCK, J., concurs in this opinion.