CLARKSON, J., dissenting.
DEVIN, J., dissenting.
SCHENCK, J., concurs in the dissenting opinion of DEVIN, J.
Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to plaintiff, an employee of Alamance County.
This cause was here at the Spring Term, 1938, and was remanded, with directions that the Industrial Commission clarify an alternative finding that the deceased either as a deputy sheriff or as jailer, or in the dual capacity of deputy sheriff-jailer, suffered an injury by accident arising out of and in the course of his employment resulting in his death, by definitely finding whether the deceased suffered such injury by accident arising out of and in the course of his employment as jailer.
Pursuant to an order of remand by the court below in accord with the opinion of this Court, Gowens v. Alamance County, 214 N.C. 18, and after notice to the parties, the Industrial Commission entered its opinion in which it is stated:
"The full commission, after reviewing the evidence and file in this case, now finds as a fact that the said Lawrence Gowens did suffer an injury by accident arising out of and in the course of his employment as jailer on July 31, 1936, resulting in his death.
"This finding is made as a supplement and in addition to the findings heretofore made and set out in the record." Thereupon an award was made the defendants appealed. When the cause came on to be heard in the Superior Court the court below sustained the finding of the commission and affirmed the judgment awarding compensation to plaintiffs. Defendants excepted and appealed.
Upon the rehearing the Industrial Commission adopted and reaffirmed its former findings. They now stand as the findings in this cause except as they are modified by the conclusion of the Commission that the deceased at the time of his injury and death was acting as jailer.
In the opinion of the hearing commissioner, approved by the full commission, we find the following resume of the evidence, to wit: "The evidence discloses that on the day Lawrence Gowens was killed he was at the jail about his duties, and was called to come immediately to the home of one Bob Campbell, who lived just two doors from the jail, nearly in the back yard of the jail, and was advised that the said Campbell had shot his wife. The deceased went immediately to the home of said Bob Campbell where the wife of Campbell had been seriously wounded by a gunshot inflicted upon her by her husband, Bob Campbell, and he, Deputy Sheriff Gowens, the deceased, thereupon found Campbell armed with a shotgun and in the act of leaving his home, and when *Page 109 
the deceased attempted to arrest the said Campbell and deter him from fleeing, he was fatally shot by Campbell, from which injuries he died within a short while thereafter."
In the original award the commission held that deceased acted in a dual capacity and undertook to treat the positions held by him as one. It concluded that he acted either in the capacity of deputy sheriff in charge of the jail or as jailer authorized to perform the duties of a deputy sheriff.
While these two offices, or positions, are usually held by one person for convenience and efficiency, they are separate and distinct. The Constitution provides for the office of sheriff. N.C. Const., Art. IV, sec. 24. There is no constitutional authority for appointment of deputies sheriff. The right of the sheriff to appoint deputies is a common law right. "The deputy is an officer coeval in point of antiquity with the sheriff." Lanier v. Greenville, 174 N.C. 311, 93 S.E. 850; Borders v.Cline, 212 N.C. 472, 193 S.E. 826. He is the deputy of the sheriff, one appointed to act ordinarily for the sheriff and not in his own name, person or right, and although ordinarily appointed by the sheriff, is considered a public officer. 57 C. J., 731, Sec. 4. The duties and authority of a deputy sheriff relate only to the ministerial duties imposed by law upon the sheriff. Borders v. Cline, supra.
Likewise, the position of jailer is one of common law origin and has existed from time immemorial. The statute, C. S., 3944, provides that: "The sheriff shall have the care and custody of the jail in his county; and shall be, or appoint, the keeper thereof." The duties of the jailer are those prescribed by statute and such as were recognized at common law.
In Alamance County, until 1935, the sheriff had the right to appoint the jailer under the provisions of C. S., 3944, and of ch. 559, Public-Local Laws 1927. The Legislature, by ch. 201, Public-Local Laws 1935, repealed ch. 559, Public Laws 1927, and vested in the Board of Commissioners of Alamance County "full power and authority to name and designate the jailer and such other assistants as in the opinion of said board shall be necessary to properly maintain, operate and supervise the said jail and the inmates therein, and to prescribe the rules and regulations and general policies of such operation, maintenance and supervision of said jail, and to prescribe the duties of the said jailer and his assistants."
After the enactment of ch. 201, Public-Local Laws 1935, the commissioners of Alamance County permitted the deceased, who had theretofore been appointed jailer by the sheriff, to continue his employment as such without any new appointment. They paid him his salary fixed by the commissioners and the turnkey fees allowed by law. The mere fact that they did not specifically reappoint him did not affect his *Page 110 
position as an employee of the county from and after the enactment of the recited statute.
We have been unable to find in the common law, or in the decisions or statutes of this State, any declaration or provision which could be interpreted as vesting in the jailer any authority to serve process or make arrests. Whenever he undertook to do so, except perhaps in attempting to recapture a prisoner who had escaped from his custody, of necessity, he was acting in his capacity as deputy sheriff, and not as jailer.
There is no such position as deputy sheriff-jailer known to the law. When the deceased undertook to act in given instances he was acting either as jailer by virtue of his employment by the county, or as deputy sheriff under his appointment by the sheriff.
As stated in the original findings of the commission, when the deceased went to the scene of the shooting and found Campbell, the man who had shot his wife, armed with a shotgun and in the act of leaving his home, "Deputy Sheriff Gowens, the deceased," attempted to arrest him. In so doing he was acting in his capacity as a deputy sheriff. If he was undertaking to act in his capacity as jailer, then his act in attempting to arrest Campbell was entirely outside the scope of his employment as jailer, and the injuries he received in attempting to make the arrest did not arise out of or in the course of his employment by the county as such. No other conclusion is permissible.
That he was undertaking to act as deputy sheriff is not only supported by the specific findings of fact by the commission, but by other evidence in the record which tends to show that a person nearby called to the wife of the deceased, informed her of the shooting, and inquired for the sheriff. In consequence of the information and the inquiry for the sheriff, his deputy, the deceased, as it was his duty to do as deputy sheriff, responded.
In the liability policy issued by the defendant the deceased was named as an employee of the county. He received an injury which caused his death. If the fact that, although the deceased was insured, he cannot recover, makes this appear as a hard case, we must bear in mind that the defendant Indemnity Company contracted to pay only in the event the defendant county was liable.
As there is no evidence in the record to support the conclusion that the deceased suffered an injury by accident arising out of and in the course of his employment as jailer, the judgment below must be
Reversed.