ADAMI, APPELLANT, *v.* COUNTY OF LEWIS AND CLARK ET AL., RESPONDENTS.

(No. 8433.)

AND

WHALEN, RESPONDENT, *v.* BOARD OF COUNTY COMMISSIONERS OF LEWIS AND CLARK COUNTY ET AL., APPELLANTS.

(No. 8434.)

(Submitted May 25, 1943. Decided June 16, 1943.)

[138 Pac. (2d) 969.]

In cause No. 8433, *Mr. Edmond G. Toomey* and *Mr. Edgar M. Hall,* of *Toomey, McFarland & Hall,* for Appellant, submitted a brief; *Mr. Toomey* argued the cause orally.

*Mr. J. Miller Smith* and *Mr. Victor H. Fall,* for Respondents, submitted a brief; *Mr. Fall* argued the cause orally.

In cause No. 8434, *Mr. J. Miller Smith* and *Mr. Victor H. Fall,* for Appellants, submitted a brief; *Mr. Smith* argued the cause orally.

*Mr. Edmond G. Toomey* and *Mr. Edgar M. Hall,* of *Toomey, McFarland & Hall,* for Respondents, submitted a brief; *Mr. Toomey* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

These cases have been considered together since they involve similar questions of constitutional law, with reference to Chapter 169 and Section 1 of Chapter 87, Laws of 1943.

Chapter 169 provides for a ten per cent. increase in the salary of each elective county officer for the period of approximately two years from its effective date, March 4, 1943, to March 1, 1945. Section 1 of Chapter 87, which became effective on February 25, 1943, amends section 4874, Revised Codes, to the effect that unless otherwise provided by law the salary of no deputy or assistant county officer mentioned in section 4873 shall be more than ninety per cent. of the salary of the officer under whom he is serving, instead of eighty per cent. thereof as theretofore limited. The latter Act thus permits a twelve and one-half per cent. increase in the maximum salaries allowed the deputies and assistants of county officers.

Plaintiff in each case contends that the provision attacked is in violation of sections 26 and 31 of Article V of the Constitution of Montana, the latter of which provides that ''except as otherwise provided in this constitution, no law shall extend the term of any public officer, or increase or diminish his salary or emolument after his election or appointment * * *.''

The learned district judge before whom the cases were tried held valid the provision of Chapter 87 relating to deputies and assistants; and held that Chapter 169 was unconstitutional as to county officers' terms which resulted from election or appointment prior to the passage and approval of the Act, but constitutional as to such terms resulting from election or appointment thereafter. The appeals are from the judgments.

There can be no possible doubt that the decision with reference to Chapter 169 is correct, and that the legislative intent to make it effective as to the terms of persons elected or appointed prior to its effective date is unconstitutional as in excess of the legislative power. The people could hardly have made clearer or more definite the provision of section 31 of Article V forbidding the legislature either to increase or to diminish the salary

560

or emolument of any officer after his election or appointment. On the other hand, it is apparent that the constitutional provision does not forbid the application of Chapter 169 to an officer whose election or appointment occurs after the effective date of the Act, and that as to him Chapter 169 is valid. (*State ex rel. Jackson* v. *Porter*, 57 Mont. 343, 188 Pac. 375.) The judgment appealed from in the *Whalen Case*, No. 8934, is therefore affirmed.

In its judgment in the *Adami case*, No. 8433, the trial court called attention to the fact that section 4874, Revised Codes, as amended by section 1 of Chapter 87, Laws of 1943, referred only to the undersheriffs, chief deputies and deputies of county officers mentioned in section 4873, Revised Codes; and held (1) that the Act is not in conflict with section 26 of Article V relating to special laws, since it is a law of general operation; (2) that it was not prohibited by section 31 of Article V of the Constitution for the reason that those officials have no "fixed or certain period of employment, tenure, office, place or position-holding" but serve only at the will and pleasure of their respective principals (sec. 422, Rev. Codes), and thus are not public officers within the meaning of the constitutional provision; and (3) that the defendants are therefore lawfully authorized to increase at their discretion the salary of the holder of each position mentioned in sections 4873 and 4874, as amended, up to a maximum of ninety per cent. of the salary of the principal under whom he serves.

The district court was obviously correct in its first holding, that section 26 of Article V of the Constitution, which relates only to special laws, has no application to the Act in question, which is not a special law but a law of general operation.

With reference to the second holding, the rule is stated by the textwriters as follows: "A constitutional prohibition against changing the compensation of an officer during his term applies only to officers having a fixed and definite term." (46 C. J. 1023, sec. 256.) "As a general rule constitutional restrictions

against changing the salaries, fees or emoluments of public officers during their incumbency apply only to officers having a fixed and definite term of office, and not to appointive officers who hold at the pleasure of the appointing power, such as deputies and assistants." (43 Am. Jur. 144, sec. 351.)

It is well established in this state that one who holds a position at the will of the appointing power is not a public officer: *State ex rel. Boyle* v. *Hall,* 53 Mont. 595, 165 Pac. 757, with reference to the chairmanship of the Board of R. R. Com'rs; *State ex rel. Barney* v. *Hawkins,* 79 Mont. 506, 257 Pac. 411, with reference to the position of auditor of the Board of R. R. Com'rs; *State ex rel. Nagle* v. *Page,* 98 Mont. 14, 47 Pac. (2d) 575, with reference to the position of State Boiler Inspector. On the other hand, the existence of a definite tenure has been considered one of the elements requisite to make the holder a public officer: *State ex rel. Bickford* v. *Cook,* 17 Mont. 529, 43 Pac. 928, with reference to the members of the State Capitol Commission; *State ex rel. Nagle* v. *Stafford,* 97 Mont. 275, 34 Pac. (2d) 372, with reference to the Commissioner of Agriculture; *State ex rel. Nagle* v. *Kelsey,* 102 Mont. 8, 55 Pac. (2d) 685, with reference to a member of the State Relief Commission; *State ex rel. Dunn* v. *Ayers,* 112 Mont. 120, 113 Pac. (2d) 785, with reference to the Assistant Superintendent of the State Hospital.

It is clear, therefore, that the judgment in the *Adami Case* also must be affirmed *in toto,* and that section 1 of Chapter 87, Laws of 1943, must be held valid and operative even as to officials appointed before its passage and approval, since in its enactment the legislature did not violate any limitation imposed upon its power by the people.

Both judgments appealed from are therefore affirmed.

ASSOCIATE JUSTICES ERICKSON, ANDERSON, MORRIS and ADAIR concur.