STATE ex rel. RUSCH, Relator, v. BOARD OF COUNTY COM'RS OF YELLOWSTONE COUNTY et al., Respondents.

No. 8793

Submitted January 28, 1948. Decided March 6, 1948.

191 Pac. (2d) 670.

Mr. Stanley E. Felt and Mr. James R. Felt, both of Billings, for appellant. Mr. Stanley E. Felt and Mr. James R. Felt argued the cause orally.

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Asst. Atty. Gen., and Mr. Melvin E. Hoiness, County Atty., and Mr.

E. E. Collins, Deputy County Atty., both of Billings, for respondents. Mr. Collins and Mr. Hanley argued the cause orally.

MR. JUSTICE GIBSON delivered the opinion of the court.

The appellant was appointed as a deputy sheriff of Yellowstone county on February 20, 1945. His appointment had not been revoked on October 21, 1946, when his amended affidavit and application for writ of mandamus was filed in the district court. He rendered no service and performed no duty as such deputy during the months of April, May and June of 1945. This was because of sickness that incapacitated him from performing any service.

He was paid the salary fixed by the board of county commissioners for sheriffs' deputies for the time prior to and after the three months' period in which he did not act and rendered no service. From his affidavit for the writ it appears that it was not until January 1946 that he demanded of the board of county commissioners payment of salary for the three months' period in which he was unable to act as deputy sheriff, and this demand was refused on August 31, 1946. Thereafter he filed in the district court his affidavit and application for writ of mandamus to compel the board of county commissioners to issue an order to the proper disbursing officers of Yellowstone county directing the issuance of a warrant or warrants to appellant, relator in said proceeding, "for the payment of the salary due this applicant for the months of April, May and June, 1945." The respondent board of commissioners filed demurrer to the affidavit and application for the writ and motion to quash the alternative writ. The demurrer was sustained, the motion to quash the writ granted and judgment of dismissal of the proceeding entered. The appeal from the judgment brings the matter here.

The question presented is the narrow one, "Does the rule, that the salary fixed by law for compensation to a public officer is an incident to the office and belongs to the one who holds the legal title to the office, apply to a deputy sheriff?" This general rule is announced in 43 Am. Jur. 136, and in 46

C. J. 1015. It is the rule in Montana. Wynne v. City of Butte, 45 Mont. 417, 123 Pac. 531.

But is a deputy sheriff a "public officer" within the meaning of this rule? It has been aptly said that "the words 'public office' are used in so many senses that the courts have affirmed that it is hardly possible to undertake a precise definition which will adequately and effectively cover every situation." 21 Cal. Jur. 819.

This court said, "Courts and text-writers have undertaken to define the term 'public office,' and to prescribe certain criteria by which to determine whether, in a given instance, a public office is involved, but their efforts have been expended with rather indifferent success. The tests applied and found sufficient in one case have proved altogether inapplicable in another." State ex rel. Boyle v. Hall, 53 Mont. 595, 165 Pac. 757.

A definition that embraces the idea of a public officer as one who occupies an office through which the state thinks, acts and administers the laws, as distinguished from those subordinates, assistants and helpers who act only through and under their principal, is given by the Pennsylvania court as follows: "Where, however, the officer exercises important public duties, and has delegated to him some of the functions of government, and his office is for a fixed term, and the powers, duties, and emoluments become vested in a successor when the office becomes vacant, such an official may properly be called a 'public officer.'" Richie v. City of Philadelphia, 225 Pa. 511, 74 A. 430, 431, 26 L. R. A., N. S., 289.

The Constitution of Montana provides that "Except as otherwise provided in this constitution, no law shall extend the term of any public officer, or increase or diminish his salary or emolument after his election or appointment." Sec. 31, art. V. It was held that deputies and assistant county officials are not "public officers" within the meaning of the term as used in the Constitution. Adami v. County of Lewis & Clark, 114 Mont. 557, 138 Pac. (2d) 969. And it is held also, that one who holds a position at the will of the appointing power is not usually

classed as a public officer. State ex rel. Boyle v. Hall, supra; State ex rel. Nagle v. Page, 98 Mont. 14, 37 Pac. (2d) 575; State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 Pac. 411, 53 A. L. R. 583.

As the term is used in the rule referred to and relied upon by appellant, a deputy is not a "public officer." He holds only at the pleasure of the appointing power. Sec. 422, Rev. Codes of Montana 1935. "When the number of such deputies or subordinate officers is not fixed by law, it is limited only by the discretion of the appointing power." Sec. 421, Rev. Codes. These subordinates are not officers within the sense of the term as employed in the Constitution, or in statutes enacted pursuant thereto, nor as used by the courts in announcing the rule that the salary attached to the public office shall belong to the de jure public officer. It is true that "the distinction between a public office and a public employment is not always clearly marked in judicial expression" (editorial comment, 150 A. L. R. 101), but the statutes and decisions in Montana relating to the status of deputies necessitate the holding that such subordinates are not "public officers" who may receive the compensation prescribed for their services merely by virtue of their appointment, without regard to whether they render service in the position or not. A few fundamental definitions and a consideration of the applicable statutes appear to settle the question.

A deputy is one who is "appointed as the substitute of another, and empowered to act for him, in his name, or on his behalf." Merriam-Webster's International Dictionary. Thus a deputy sheriff is not the sheriff; he is merely the substitute of the sheriff; he can only act in the name of the sheriff; he performs no independent function of office. The office of sheriff is not his office. He is but the agent of the officer, deputed by him to act in his name and by his authority. He holds no term of office. His right and authority to act as substitute or deputy for the sheriff is at the pleasure of that officer. Sec. 422, Rev. Codes. It may be revoked at

any time, with or without cause. "Term" when applied to the holding of a public office, refers.. to a fixed and definite period of time.

It is also held that permanency or continuity of the tenure ▉ is an element necessary to make the holder of a position a public officer. State ex rel. Nagle v. Stafford, 97 Mont. 275, 34 Pac. (2d) 372; State ex rel. Nagle v. Kelsey, 102 Mont. 8, 55 Pac. (2d) 685.

The boards of county commissioners are given power, within ▉ limits set in the statute, to fix compensation allowed any deputy or assistant, and wide discretion to fix and determine the number of deputy county officers and assistants that may be "needed for the faithful and prompt discharge of the duties of any county office." Sec. 4874, Rev. Codes 1935, as amended.

It is also in said statute provided that "Where any deputy or assistant is employed for a period of less than one year the compensation of such deputy or assistant shall be for the time so employed." This appears to consider the service of deputies and assistants as an "employment."

Section 4878, Revised Codes 1935, also provides that the board of county commissioners in each county is authorized "to allow the several county officers to appoint a greater number of deputies than the maximum number allowed by law when, in the judgment of the board of county commissioners, such greater number of deputies is needed for the faithful and prompt discharge of the duties of any county office, and to fix the salary of such deputies * * * provided, such salary shall not exceed the maximum salary of deputies provided by law."

Section 4891 of the Revised Codes provides that the board of county commissioners "must not order the payment of the compensation of any deputy until he has signed and filed with the county clerk the following affidavit: * * * I do swear that I have rendered services as deputy ———— for the month of ————, 19——, and that I am entitled to receive the full sum of my compensation for the same for my own use and

benefit, and that I have not paid, deposited, or assigned, nor contracted to pay, deposit, or assign any part of such compensation for the use of any other person, * * *.''

The affidavit and application of relator says that he ''has filed the affidavit with the county clerk and recorder of said county, required by section 4891 of the Revised Codes of the State of Montana.'' It is not stated therein, however, that relator rendered any services or performed any duty as deputy sheriff for the months of April, May and June, 1945. In his brief he alleges that he filed the affidavit ''through an abundance of caution,'' but admits that he did not render service as deputy sheriff for the three months' period of his serious illness, basing his claim for compensation squarely upon the proposition that ''for the mere holding of his authority as deputy sheriff during the entire time'' he is entitled to the salary fixed for the position under the rule applicable to ''public officers'' de jure. This thesis is well presented in the brief and argument of his counsel. But in view of the nature of the employment of a deputy as only a substitute or agent of the ''public officer,'' in whose name only may he act, the absence of any fixed or definite term of service, and the express command of the statute, section 4891, that ''the board must not order the payment of the compensation of any deputy until he has signed and filed'' the affidavit that he has ''rendered services'' as deputy for the month for which compensation is claimed, we are constrained to hold the action of the board of commissioners in refusing to order payment of salary to relator for the months he did not serve as deputy was proper. Implicit in the statute requiring the filing of the affidavit is the right and power of the board to ascertain the truth or falsity thereof, and here it is admitted that the services were not rendered.

The judgment of the district court is affirmed.

Associate Justices Choate and Metcalf concur.

MR. CHIEF JUSTICE ADAIR (dissenting).

Unless otherwise provided each deputy possesses the powers

and may perform the duties attached by law to the office of his principal. Secs. 418 and 4733, Rev. Codes of Montana 1935.

Except when the duration is not fixed by law the office is held at the pleasure of the appointing power. Sec. 422, Rev. Codes.

Deputies must take and file an oath of office in the manner required of their principals (sec. 435, Rev. Codes) and they may be required to file an official bond. Sec. 507, Rev. Codes.

In the case at bar the appellant was by the sheriff appointed deputy sheriff subject to the provisions of the above Code sections and appellant's appointment was not revoked during the time of his illness but such appointment was still in force when he filed his affidavit as required by section 4891, Revised Codes.

The affidavit and application of the relator states that the deputy sheriff filed the affidavit required by section 4891, and in the absence of a denial of such averment we must presume that such affidavit contained all the information and statements of fact required by the statute.

The statute does not confer upon the county commissioners the authority to determine whether the various deputies in the divers county offices had earned their salaries before ordering same paid. It simply says: "The board must not order the payment of the compensation of any deputy until he has signed and filed with the county clerk the * * * affidavit" the form of which affidavit is set forth in the statute. Sec. 4891, Rev. Codes 1935.

The affidavit was not intended as a substitute for a claim against the county for it provides for no statement as to the value of the services rendered or the sum due therefor. It simply requires the deputy to swear that he had "rendered services as deputy." In this case the affiant swears that he has "rendered services as a deputy sheriff" for the months of April, May and June, 1945, and that he is "entitled to receive the full sum of my compensation for the same" for his own use and benefit and that he has not made any rebate, kickback

or other reward or gift to his principal the sheriff or to any other person for his "appointment to office, or the emoluments thereof." The purpose of the statute is to guard against corrupt politics whereby a deputy may be appointed to office by his principal or some other person with the understanding that such deputy shall give a portion of his salary either to the principal or to some political boss or machine who may have assisted him in obtaining his appointment.

It is true that this court and other courts have held that a deputy such as a deputy sheriff is not a "public officer" within the meaning of section 31, Article V of the Constitution. However such cases are not authority for holding that such deputy is not a "public officer" under other circumstances and conditions as said section of the Constitution applies to officers who hold offices for a fixed term and who are therefore not subject to removal at any time by the appointing power. This question was considered in State ex rel. Kane v. Johnson, 123 Mo. 43, 27 S. W. 399, 400, where the court held that the relator therein was entitled to the salary, saying: "Counsel for relator concede in their brief that he is a public officer within the meaning of the general definition of a public officer, and that he performs public duties, and offices and functions of a public character; but they contend that he is not an officer within the meaning of the section of the constitution quoted. It will be observed that this section of the constitution only embraces within its provisions officers who are elected or appointed for some specific or definite time, and that it has no application whatever to the case in hand, when the relator's term of office is not fixed by any law or ordinance, and when he simply holds at the pleasure of the appointing power."

The above quotation was quoted with approval in Board of Commissioners of Muskogee County v. Hart, 29 Okl. 693, 119 Pac. 132, 37 L. R. A., N. S., 388. See note to this case in L. R. A.

The above is the effect of the holding of this court in Adami v. County of Lewis and Clark, 114 Mont. 557, 138 Pac. (2d)

969, wherein this court quoted with approval from 43 Am. Jur. page 144, section 351.

In 43 Am. Jur., "Public Officers," page 136, section 342, it is stated: "Compensation does not constitute any part of the public office to which it is annexed. It is a mere incident to the lawful title or right to the office, and belongs to the officer so long as he holds the office. When an office with a fixed salary has been created, and a person duly elected or appointed to it has qualified and enters upon the discharge of his duties, he is entitled, during his incumbency, to be paid the salary, fees, or emoluments prescribed by law. The public body cannot by any direct or indirect course of action deprive such incumbent of the right to receive the emoluments and perquisites which the law attaches to the office, and effect will not be given to any attempt to deprive him of the right thereto, whether it is by unauthorized agreement, by condition, or otherwise, or by a wrongful removal or suspension."

Again, the same text, 43 Am. Jur., page 222, section 465, note 15: "But a deputy appointed by an officer to hold during the pleasure of such principal does not hold for a term, within the meaning of a constitutional prohibition against the change of the salary or emoluments of any public officer after his election or appointment, or during his 'term of office,' except by operation of law enacted prior to such election or appointment."

The foregoing as well as 46 C. J. 1015 and Wynne v. City of Butte, 45 Mont. 417, 123 Pac. 531, 532, are authorities to the effect that the salary is an incident to the office. Therefore if the appellant deputy sheriff is a "public officer" although not a public officer with a definite fixed term within the meaning of section 31, Article V of the Constitution, then he was and is entitled to his salary during the three months he was ill.

In Wynne v. City of Butte, supra, the court in considering the office of chief of police under appointment by the mayor said: "He was not an employe, but an officer. The salary is

an incident to the office, and, if entitled to the office, his right to the salary follows.''

For the definition of ''public officer'' see Pope v. Com'r of Internal Rev., 6 Cir., 138 F. (2d) 1006; Martin v. Smith, 239 Wis. 314, 1 N. W. (2d) 163, 140 A. L. R. 1063 and note; State ex rel. Barney v. Hawkins, 79 Mont. 506, 257 Pac. 411, 53 A. L. R. 583 and note.

A deputy sheriff possesses the powers and may perform the duties attached by law to the office of sheriff. Secs. 418 and 4733, Rev. Codes. In short, when called upon by a citizen or other person, a deputy sheriff without awaiting directions or instructions from the sheriff may immediately proceed to perform any of the duties imposed on the sheriff by sections 4773 and 4774, Revised Codes, and he is therefore a ''public officer'' under the definitions of that term recognized by the foregoing authorities. Deputy sheriffs have been held such officers in: Maxwell v. Andrew County, 347 Mo. 156, 146 S. W. (2d) 621; Gray v. DeBretton, 192 La. 628, 188 So. 722; Gowens v. Alamance County, 216 N. C. 107, 3 S. E. (2d) 339. See also Southern Ry. Co. v. Hamilton County, 24 Tenn. App. 32, 138.S. W. (2d) 770.

Appellant was a duly appointed deputy sheriff during the months of April, May and June, 1945, and as such in my opinion was entitled to receive the salary incident to such office.

Mr. Justice Angstman (dissenting).

I think my associates are in error in holding that a deputy sheriff is not an officer within the meaning of the rule that makes the salary an incident to the office.

''Although in some jurisdictions it is held that a deputy is not a public officer, the weight of authority appears to be the other way, especially where the appointment is permanent and not merely casual for a special service, and where he is required by statute to take an oath of office.'' 43 Am. Jur., p. 220, sec. 462.

In this state deputies must take and file an oath ''in the

manner required of their principals." Sec. 435, Rev. Codes 1935.

Relator here held a permanent appointment as distinguished from a casual appointment for a special service. Deputies possess exactly the same powers and duties and assume the same liabilities that the law imposes upon the principal. This is by virtue of section 4733, reading: "Whenever the official name of any principal officer is used in any law conferring power, imposing duties or liabilities, it includes his deputies."

In Stubbs v. Lee, 64 Me. 195, 18 Am. Rep. 251, it was held that one holding the office of trial justice by accepting the office of deputy sheriff vacated the former office. The court said: "The defendant having been appointed and sworn as a deputy-sheriff must be regarded as having accepted that office. By that acceptance he surrendered the office of trial justice, a judicial office incompatible with that of a deputy-sheriff."

In State ex rel. Walker v. Bus, 135 Mo. 325, 36 S. W. 636, 638, 33 L. R. A. 616, the court said: "The statute requires a deputy sheriff to take 'the oath of office;' and his powers and duties are made equal to those of the sheriff himself. The deputy sheriff is certainly a 'public officer,' under the laws of this state, and his power and authority are co-extensive with that of sheriff. State v. Dierberger, 90 Mo. 369, 2 S. W. 286." The same conclusion was reached in the case of Flanagan v. Hoyt, 36 Vt. 565, 86 Am. Dec. 675, and Russell v. Lawton, 14 Wis. 202 [reprint page 219], 80 Am. Dec. 769. Likewise, a deputy city clerk (Oklahoma City v. Century Indemnity Co., 178 Okl. 212, 62 Pac. (2d) 94); a deputy building inspector (State ex rel. Stage v. Mackie, 82 Conn. 398, 74 A. 759); a deputy county auditor, required to take the oath required of the principal and perform the same duties and subject to the same liabilities as the principal (Wells v. State, 175 Ind. 380, 94 N. E. 321, Ann. Cas. 1913C, 86) and a deputy assessor (Robertson v. Robinson, 65 Ala. 610, 39 Am. Rep. 17), have been held to be public officers.

174

Mechem in his work on Public Offices and Public Officers, section 38, page 16, has this to say:

"Whether deputies appointed· by public officers are to be regarded as public officers themselves, depends upon the circumstances and method of their appointment. Where such appointment is provided for by law, and a fortiori where it is required by law, which fixes the powers and duties of such deputies, and where such deputies are required to take the oath of office and to give bonds for the performance of their duties, the deputies are usually regarded as public officers. Thus deputy postmasters appointed and qualified according to law, are public officers. So a deputy marshal is an officer of the United States, and deputy sheriffs are recognized by the statutes of most States as independent public officers.

"But where the deputy is appointed merely at the will and pleasure of his principal to serve some purpose of the latter, he is not a public officer but a mere servant or agent. So a special deputy employed only in a particular case is not·a public officer."

As to deputy sheriffs, while serving at the will of the principal (sec. 422) they are not appointed merely to serve some purpose of the principal but are appointed to perform the same sovereign functions of government as the principal. Sec. 4733. Their appointment is expressly authorized by statute (sec. 4875) and the legislature is given authority to provide for their appointment. Sec. 6, Art. XVI of the Montana Constitution. Former Attorney General S. C. Ford held that a deputy sheriff is a public officer and hence not entitled to the benefits of the Workmen's Compensation Act, (Vol. 8 Op. Atty. Gen. p. 310) and former Attorney General Albert J. Galen held that all deputy county officers are public officers within the meaning of section 7, Article V of the Constitution prohibiting members of the legislature from holding other public office under the state. Vol. 2 Op. Atty. Gen. p. 56.

True, we have held in Adami v. County of Lewis & Clark, 114 Mont. 557, 138 Pac. (2d) 969, that deputies are not public

officers within the meaning of section 31, Article V of the Constitution prohibiting the legislature from changing the compensation of an officer during his term. This court simply held that that section had to do only with officers having a fixed and definite term. By clear implication the court recognized that there may be officers who do not hold for a fixed and definite term but only at the will of the appointing power. Such, in my opinion, are deputy sheriffs. Even though a deputy sheriff may not be a public officer within the meaning of section 31 of Article V of the Constitution, that does not prevent him from being a public officer within the meaning of some other constitutional or statutory provision or within the rule that the salary fixed by law is an incident to the office.

Whether the deputy sheriff comes within that rule or not depends upon the reason for the rule and whether the office of deputy sheriff comes within that reason.

The rule is grounded upon the proposition that so long as the officer holds the office he is entitled to the salary which goes with it, not by virtue of a contract but as an incident to the right to hold the office. McGillic v. Corby, 37 Mont. 249, 95 Pac. 1063, 17 L. R. A., N. S., 126, and see note in Ann. Cas. 1918B, 435. In order to be deprived of the right to the salary the officer must be discharged or removed from the office. There is no reason why the rule should be made applicable to the principal and not to the deputy.

A deputy sheriff's salary when fixed by the county commissioners under section 4874 constitutes a salary fixed by law and not one fixed by contract.

The case of O'Leary v. The Board of Education of the City of New York, 93 N. Y. 1, 45 Am. Rep. 156, is a leading case on this subject. In that case there was involved a clerk serving at the will of the principal. Illness prevented the performance of services for a long period. He was granted a leave of absence. He was paid for about nine months during which time he performed no services. He was finally discharged and attempt was made to have the discharge operate retroactively.

This the court held could not be done and that he was entitled to the salary until the date of his actual discharge. The court said:

"The plaintiff was clearly entitled to the amount of salary which had been audited to him for the months of May and June, nor are we able to see any reason why he should not be entitled to his salary subsequent to that period and up to the time when the resolution of removal was adopted. He left for Europe on the 15th of May, and at that time no action had been taken by the defendant. He was clearly entitled to his salary up to that date, and the auditing of the bills continued it up to the 1st of July. After that and until the early part of September the public schools were closed as also was the office of the department and the general office, and all the employes went on their vacation. There was then no service for the plaintiff to perform during this period, and he had the leisure which was allotted to all in the department and to which he was clearly entitled with them.

"The defendant having excused the plaintiff for good cause and sufficient reasons from a temporary discharge of his duty, and failing to take any action indicating its intention to relieve him from his office, we think must be regarded as assenting to his absence and is estopped from insisting or claiming that the plaintiff was not in its employment. If it was considered that his duties were at an end, some steps should have been taken and he notified that such was the intention of the board."

The case of O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. S. 146, 149, applied this rule to a watchman in the county court house, the court saying, "As a watchman, it is fairly to be assumed that he was called upon to use good judgment, and it was necessary that he should be an honest, reliable, and trustworthy man. But the nature of his duties is not particularly important. The case turns upon the right which the plaintiff had to the position to which he was appointed, and, so long as his right to the position existed, we think the rule should be applied which has come to be recognized in cases

of this kind,—that the right to the salary is an incident of the position from which one is irremovable, and as long as the position exists the right to the salary remains." And this was adhered to on appeal in 33 Misc. 53, 66 N. Y. S. 909. It was also applied to a doorkeeper who was prevented from performing services by reason of sickness and where he had not been notified that his services were no longer required and where he had not been discharged. Devlin v. Mayor, 41 Hun, N. Y., 281.

It is contended that section 4891 prohibits payment of compensation when no services have been rendered. That section reads: "The board must not order the payment of the compensation of any deputy until he has signed and filed with the county clerk the following affidavit: State of Montana, County of ———————— ss. I do swear that I have rendered services as deputy ———————— for the month of ————————, 19——, and that I am entitled to receive the full sum of my compensation for the same for my own use and benefit, and that I have not paid, deposited, or assigned, nor contracted to pay, deposit, or assign any part of such compensation for the use of any other person, nor in any way, directly or indirectly, paid or given, nor contracted to pay or give, any reward or compensation for my appointment to office, or the emoluments thereof, to my principal or to any other person."

It will be noted that most of the affidavit relates to giving or promising to give a reward for the appointment. It was designed chiefly to prohibit corrupt practices in the matter of making appointment of deputies. But this same matter is dealt with in the Constitution, section 1 of Article XIX, which prescribes the form of official oath for all public officers dealing specifically with the matter of paying or promising a reward for an appointment. The constitutional provision then states, "And no other oath, declaration or test must be required as a qualification for any office or trust." Section 430, Revised Codes, is a reiteration of section 1, Article XIX of the Constitution.

It is clear that the portion of section 4891 relating to promises of a reward for appointment to the office of deputy is in conflict with the last sentence in section 1, Article XIX of the Constitution. Whether the invalidity of the major portion of section 4891 affects the remainder of the Act need not now be considered. If section 4891 has any validity it affords no defense to this action. The petition alleges that appellant filed the affidavit in this instance and defendant board has no discretion under the statute to investigate the truth of the statements therein made. The statute carries its own penalty for a false oath which is provided for in section 4906.

It seems to me that former Attorney General Nagle gave the correct rule when he held in Volume 15, Opinions of Attorney General, page 278, Opinion No. 398, that vacations with pay and pay when absent on account of sickness should be allowed to county officers and deputies so long as they remain in office and have not been discharged by their principal and particularly when their part of the work has been handled by other deputies without any additional cost to the county.

I think the court erred in sustaining the demurrer to the petition and in dismissing the action. The judgment should be reversed and the cause remanded with directions to overrule the demurrer and to allow defendants a reasonable time to further plead.

Rehearing denied April 20, 1948.