MARJORIE FRANCES WILKIE, ADMINISTRATRIX OF THE ESTATE OF MARVIN C. WILKIE, DECEASED, v. HENDERSON COUNTY.

(Filed 17 April 1968)

1. Counties § 9—

   In an action brought against a county pursuant to G.S. 153-9(44), the complaint may properly allege that the county has waived its governmental immunity by purchasing liability insurance from a company duly licensed and authorized to issue insurance contracts in this State, but no part of the pleadings relating to liability insurance may be read or mentioned in the jury's presence.

2. Pleadings § 12—

   Upon demurrer, a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor.

3. Same—

   A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom.

4. Jails and Jailers;   Sheriffs § 2—

   The duties of jailer and deputy sheriff are separate and distinct, and where a person appointed by the sheriff as deputy is also appointed as jailer, such person acts in a given instance either as deputy or jailer, but not both.

**5. Pleadings § 15—**

   A demurrer based upon matters *dehors* the pleadings is a "speaking" demurrer and will not be sustained.

**6. Same;   Constitutional Law § 4—**

   In a wrongful death action based on the negligence of a county jailer, a demurrer grounded upon the alleged unconstitutionality of a local act which authorizes the commissioners of defendant county to operate the county jail and to appoint the jailer is a speaking demurrer and will be overruled.

APPEAL by plaintiff from *Bryson, J.,* in Chambers, 30 December 1967 in HENDERSON Court.

This is a civil action instituted in the General County Court of Henderson County, in which the plaintiff seeks to recover damages from the defendant for the alleged wrongful death of her intestate allegedly caused by the acts or omissions of two county jailers.

On the night of 1 October 1966, plaintiff's intestate was being detained in the Henderson County Jail. The complaint alleges that during the night and while in custody of the jailer and assistant jailer, the deceased was being transferred from a cell on the second floor of the jail to a cell on the third floor; that during this transfer, one of the jailers struck plaintiff's intestate on the head several times with a blackjack and then one of them shot plaintiff's intestate in the leg with a pistol. The complaint further alleges that the jailers then failed to exercise due diligence in obtaining medical aid for the plaintiff's intestate with the result that said intestate was permitted to lie on the cell floor and bleed and later die from loss of blood.

Plaintiff instituted this action under G.S. 153-9(44) and alleges the waiver of governmental immunity by virtue of the purchase of liability insurance by defendant. Plaintiff alleges the defendant was the owner of a certain policy of insurance which was in effect at the time herein complained of. The policy was to indemnify the defendant "for damages resulting from bodily injury and death of persons on county property proximately caused by the negligence or wrongful act of county officials and county employees while acting within the scope of their authority or within the course of their employment."

Defendant County filed a motion to strike. The General County Court allowed the motion in part and denied it in part. From the refusal to grant its motion *in toto,* including refusal to strike allegations concerning liability insurance, defendant appealed to the Superior Court.

While the appeal was pending in the Superior Court, defendant demurred *ore tenus* for that:

(1)   It appears from the face of the complaint that the matters complained of resulted from the actions of two jailers who were deputies sheriff and that the sheriff is legally responsible.

(2)   The jailers were performing acts that were not circumscribed by governmental immunity as a matter of law.

On 5 January 1968, defendant filed another demurrer *ore tenus* stating the same grounds as the basis therefor and added that the complaint did not state a cause of action for that Chapter 397 of 1943 Session Laws attempted an unconstitutional alteration of the status of sheriff.

On hearing, the Superior Court found that the defendant's objections and exceptions to the order of the General County Court denying certain portions of the motion to strike, including all allegations of waiver of governmental immunity and the existence of liability insurance, should have been sustained. The Superior Court also sustained the demurrer *ore tenus* and gave plaintiff leave to amend her complaint. The plaintiff appealed.

*Whitmire & Whitmire by R. Lee Whitmire, Attorneys for plaintiff appellant (by brief).*

*Uzzell & Dumont by Harry Dumont, Attorneys for defendant appellee.*

BRITT, J.   Two questions are presented by this appeal: Did the Superior Court commit error in adjudging that certain portions of the complaint should be stricken, and did it commit error in sustaining defendant's demurrer *ore tenus?*

1.   Among the paragraphs of the complaint affected by Judge Bryson's order are paragraphs 6, 9, and 10.

These paragraphs, along with paragraph 7, relate to the securing of liability insurance and waiver of governmental immunity by defendant as provided by G.S. 153-9(44), part of which reads as follows:

> "No part of the pleadings which relates to or alleges facts as to a defendant's insurance against liability shall be read or mentioned in the presence of the trial jury in any action brought pursuant to this subdivision . . ."

The statute contemplates that it is appropriate for the complaint to contain allegations regarding liability insurance and waiver of governmental immunity. How else could a complaint, in cases of this kind, survive a demurrer grounded on governmental immunity?

Protection against prejudice is afforded by the statute in providing that no part of the pleadings relating to liability insurance shall be read or mentioned in the presence of the trial jury.

The cited statute also provides that any contract of insurance purchased pursuant to the statute must be issued by a company or corporation duly licensed and authorized to execute insurance contracts in this State. Paragraph 9 of the complaint sets forth the name of the company and an allegation that it is duly licensed and authorized to issue insurance contracts in North Carolina.

We hold that the Superior Court committed error in adjudging that paragraphs 6, 9, and 10 of the complaint should be stricken. Plaintiff was not prejudiced by the striking of paragraph 8 and portions of paragraphs 13 and 17.

2. Upon demurrer a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor. A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom. 3 Strong, N. C. Index, Pleadings, § 12, p. 624, and cases therein cited.

Paragraphs 3, 4, and 11 of the complaint are as follows:

"3. That in its governmental capacity the defendant owns, maintains and manages the County Jail which is located adjacent to and just west of the Courthouse, and being at the southeast intersection of Second Avenue West and Church Street.

"4. That at the time hereinafter mentioned, one George Brian was the County Jailer and one, James Phillips, was the assistant or Night Jailer, both having been appointed and placed in charge of said jail by the defendant. That both the County Jailer and the Night Jailer were public officials or public employees of Henderson County and both were authorized deputies sheriff on the night of October 1, 1966.

\*          \*          \*

"11. That at the time and place the plaintiff's intestate sustained bodily injuries in the County Jail resulting in his death a short time thereafter, the County Jailer and the Night or Assistant Jailer were the duly authorized agents, officials and employees of Henderson County and were acting within the scope of their authority and within the course of their employment."

Defendant's argument in support of its demurrer is directed to

the closing portion of paragraph 4, ". . . and both were authorized deputies sheriff on the night of October 1, 1966," and completely ignores paragraph 3, the remaining portion of paragraph 4, and paragraph 11.

In Henderson County, until 1943, the sheriff had complete care and custody of the jail under G.S. 162.22. The General Assembly, by Chapter 397, Session Laws of 1943, vested in the Board of Commissioners of Henderson County "the authority to properly operate the Henderson County Jail, and to that end they may employ such assistants at such salary as in their discretion may be expedient." The Act further provides: "A jailer shall be appointed with the approval of the sheriff of the county. The jailer shall have charge of the prisoners who are incarcerated therein. . . ."

A similar local act was enacted by the 1935 General Assembly for Alamance County. Thereafter, the case of *Gowens v. Alamance,* 216 N.C. 107, 3 S.E. 2d 339, arose involving the status of the jailer. Pertinent principles of law declared in that case by Barnhill, J., (later C.J.) are applicable to the instant case. "There is no such position as deputy sheriff-jailer known to the law." "While these two offices, or positions, (deputy and jailer) are usually held by one person for convenience and efficiency, they are separate and distinct." When such person acts in a given instance, he can be acting either as jailer by virtue of his employment by the county or as deputy sheriff under his appointment by the sheriff. *Gowens v. Alamance, supra.*

Where the grounds for demurrer invoke matters not appearing on the face of the complaint, the demurrer is bad as a "speaking" demurrer. *Buchanan v. Smawley,* 246 N.C. 592, 99 S.E. 2d 787. Our Supreme Court in *Ellis v. Perley,* 200 N.C. 403, 157 S.E. 29, held that a demurrer to the complaint upon the ground that the statute conferring jurisdiction on the court is unconstitutional is bad as a speaking demurrer. In like manner, defendant in the instant case improperly attempts to attack the constitutionality of Chapter 397 of the 1943 Session Laws, a local act, by demurrer.

By its speaking demurrer, defendant attempts to deny and make a positive plea to material allegations of the complaint, particularly paragraph 3, most of paragraph 4, and paragraph 11. This it cannot do, and its demurrer was improperly sustained by the Superior Court.

\*          \*          \*

This action is remanded to the Superior Court of Henderson

County for entry of order in accordance with this opinion and remanding the action to the General County Court of Henderson County for further proceedings.

Error and remanded.

CAMPBELL and MORRIS, JJ., concur.