OTHA W. DAVIS v. CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 391, AFFILIATED WITH INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA

No. 7221DC181

(Filed 12 July 1972)

Appeal and Error § 57— review of findings of fact — sufficiency of evidence

The trial court erred in entering judgment for plaintiff based on a finding of fact that there were 4500 union members participating in a retirement plan at the time of plaintiff's retirement when all the evidence tended to show that the number of participating members fluctuated, and there was no evidence with respect to the number participating at plaintiff's retirement.

APPEAL by defendant from Clifford, Judge, 7 September 1971 Session of District Court held in FORSYTH County.

Plaintiff instituted this action on 30 October 1970 to recover the balance allegedly due him from a death, disability and retirement fund administered by defendant for union members who voluntarily participated in the fund. Plaintiff retired on 1 February 1968 and received payment from the fund in the amount of $4,000.00. At trial, plaintiff contended that the rules regarding administration of the fund which were in effect at the time of his retirement entitled him to receive $4,500.00, a sum equal to one dollar for each member participating. Defendant contended that plaintiff had been fully paid. From the entry of judgment granting plaintiff recovery in the amount of $500.00, plus costs, defendant appealed.

W. Warren Sparrow for plaintiff appellee.

Drum, Liner and Redden by Renn Drum for defendant appellant.

Davis v. Chauffeurs, Teamsters & Helpers Local 391

VAUGHN, Judge.

Defendant's single assignment of error is that there was insufficient evidence to support the trial court's finding of fact that, at the time of plaintiff's retirement, there were 4500 union members participating in the voluntary retirement fund. The judgment entered is based largely on the judge's finding of fact number four, which reads:

> "There were 4,500 participants at the time of plaintiff's retirement thereby entitling plaintiff to be paid a total of $4,500.00 from the fund administered by defendant. According to rules and policy in effect at the time of plaintiff's retirement, on or about February 1, 1968, plaintiff was entitled to receive $4,500.00 from the 'Death, Disability and Retirement Fund' administered by defendant."

The only testimony relating to the number of union members participating in the fund at the time of plaintiff's retirement in 1968 is to be found in that of Mr. Earl W. Kiger, an officer of the union. At the time of plaintiff's retirement Mr. Kiger was only a member of the union and did not become an officer until 1969. He testified he had never "looked up" how many members were participating at the time of plaintiff's retirement. Mr. Kiger's testimony, in relevant part, is as follows:

"Q. How many members were there on February 1, 1968?

A. I can't tell you.

Q. Was it more than four thousand?

A. I can't tell you.

Q. How many were participating in the plan?

A. In 1968?

Q. Right.

A. I don't know; I can't say exactly.

Q. Didn't you have about eight thousand members in 1968?

A. No, we didn't have eight thousand in '68.

Q. How many did you have?

A. Well, I would say approximately sixty-five hundred.

Q. Sixty-five hundred participating in your trust fund account for this—

A. No, I said members.

MR. DRUM: Objection.

Q. How many participants did you have then if you had sixty-five hundred members and the figure was different, how many participants did you have to your recollection?

A. I don't know; I couldn't give you—I'd say between forty-four to forty-six hundred.

Q. Closer to forty-six?

A. I would imagine; I can't answer you correctly because I don't know.

Q. And they are entitled to one dollar a piece.

A. Yes, sir.

Q. For forty-six hundred members. Thank you, that is all."

It is obvious that the witness had no knowledge as to the number of members participating in the fund on 1 February 1968. He repeatedly disclaimed any such knowledge. It is equally clear that he had no knowledge of any facts which would have enabled him to base an opinion as to the number. His testimony, therefore, does not support the court's finding of fact to which exception was taken. The finding is not bolstered by the testimony of another witness for plaintiff who testified that he retired in "approximately" April of 1968 and subsequently received $4,500.00. All of the evidence was to the effect that the number of participating members fluctuated. The evidence, therefore, does not support the finding of fact. It was error for the trial judge to enter judgment for the plaintiff based on a finding of fact not supported by competent evidence. *Morse v. Curtis*, 276 N.C. 371, 172 S.E. 2d 495; *Horton v. Redevelopment Commission*, 264 N.C. 1, 140 S.E. 2d 728; *Coble*

*v. Brown*, 1 N.C. App., 159 S.E. 2d 259; 1 Strong, N.C. Index 2d, Appeal and Error, § 57.

Reversed.

Judges MORRIS and GRAHAM concur.