STATE EX REL. BOYLE, RELATOR, *v.* HALL, RESPONDENT.

(No. 4,045.)

(Submitted April 26, 1917. Decided May 29, 1917.)

[165 Pac. 757.]

*Quo Warranto—Scope of Writ—"Public Office"—State Board of Railroad Commissioners—Chairmanship.*

*Quo Warranto*—Scope of Writ.
   1. A private individual is limited in his right to the remedy by *quo warranto*, to a case in which he claims to be entitled to a public office unlawfully held and exercised by another.

   [As to when *quo warranto* may be maintained by private person, see note in 125 Am. St. Rep. 633.]

Same—"Public Office"—Definition.

2.   To constitute an office a public one, the duties pertaining to it must concern the public and be imposed by public authority; they must imply personal responsibility as distinguished from the merely clerical acts of an agent or servant; and while the elements of fixed service and compensation are not indispensable, their absence indicates to some extent that the office is not a public one.

Same—"Public Officer"—Definition.

3.   A public officer is a part of the personal force by which the state thinks, acts, determines and administers to the end that its Constitution may be effective and its laws operative.

Same—State Board of Railroad Commissioners—Chairmanship—Not Public Office.

4.   *Held*, that the chairmanship of the board of state railroad commissioners is not a public office, and that therefore the writ of *quo warranto* does not lie to determine the right of one of its members to act as chairman.

Original application for writ of *quo warranto* by the State, on the relation of Daniel Boyle, against J. H. Hall.   Dismissed.

*Mr. E. G. Toomey* and *Messrs. Galen & Mettler,* for Relator, submitted a brief; *Mr. Toomey* argued the cause orally.

The chairmanship of the board of railroad commissioners is a public office and the occupant thereof a public officer.   An office is created by law.   (Mechem on Public Officers, 1st ed., 5.)   It involves a continuing public duty.   (*Id.* 6, 7.)   It involves performance of public duty.   (*Id.* 7.)   Formality of designation is not essential.   (*Id.* 8; see, also, *Fergus* v. *Russel,* 270 Ill. 304, Ann. Cas. 1916B, 1120, 17 Ann. Cas. 451, 110 N. E. 130; *Eliason* v. *Coleman,* 86 N. C. 235.)   In *People* v. *Coler,* 166 N. Y. 1, 82 Am. St. Rep. 605, 52 L. R. A. 814, 59 N. E. 716, we find that "An officer is a part of the personal force by which the state acts, thinks, determines, administers and makes effective its Constitution, and its laws operative."   (*Schmitt* v. *Dooling,* 145 Ky. 240, Ann. Cas. 1913B, 1078, 16 L. R. A. (n. s.) 881, 140 S. W. 197.)   "The chairman of a board of school trustees is a public officer, and the office of chairmanship a public office." (*Riggs* v. *Polk County,* 51 Or. 509, 95 Pac. 5.)

However, even though the chairman of the board of railroad commissioners of the state of Montana should not be considered a public office, *quo warranto* will lie to test title to an office in a corporation created by the state (sec. 6943, Rev. Codes), and

said board is a corporation. (*Id.*, secs. 4390, 4391; *Williams* v. *Board of Commrs.*, 28 Mont. 360, 72 Pac. 755.)

The tenure of the office of chairman is declared by statute to be at the pleasure of the board. The absolute power of a board vested with a power of election or appointment of an individual to serve "at the pleasure of the board," as respects removal, is exemplified in the following decisions, where the phrase has been judicially construed: *Commonwealth* v. *McGann*, 213 Mass. 213, 100 N. E. 355; *Stebbins* v. *Police Commrs. of Springfield*, 196 Mass. 365, 82 N. E. 42, 43; *London* v. *City of Franklin*, 118 Ky. 105, 80 S. W. 514; *Rogers* v. *Congleton*, 27 Ky. Law Rep. 109, 84 S. W. 521; 1 Words and Phrases (2d Series), 350, 351.

If the tenure of the office of chairman is not expressly declared by statute to be at the pleasure of the board, failure to provide for a fixed term works an identical result. "The word 'term,' when used in reference to the tenure of office, means, ordinarily, a fixed and definite time, and does not apply to appointive offices held at the pleasure of the appointing power." (Mechem on Public Officers, sec. 385; *Crovatt* v. *Mason*, 101 Ga. 246, 28 S. E. 891; *State* v. *Breidenthal*, 55 Kan. 308, 40 Pac. 651; *State* v. *Tallman*, 24 Wash. 426, 64 Pac. 759; *State ex rel. Withers* v. *Stonestreet*, 99 Mo. 361, 12 S. W. 895; 8 Words and Phrases (1st Series), 6920).

It being established by the plain terms of the statute that the tenure of the incumbent of the office of chairman of the board of railroad commissioners is not fixed, the officer is then within the rule that permits of his removal by the appointing power, at its sole will, and without cause or notice. (29 Cyc. 371; 23 Am. & Eng. Ency. of Law, 2d ed., 405; Mechem on Public Officers, sec. 445; Throop on Public Officers, sec. 304 *et seq.; United States* v. *Avery*, Deady, 204, 24 Fed. Cas. No. 14,481; *Higgins* v. *Cole*, 100 Cal. 260, 34 Pac. 678; *Murphy* v. *Webster*, 131 Mass. 482, 488; *State* v. *Lane*, 53 N. J. L. 275, 21 Atl. 302; *People* v. *Board of Education*, 84 Hun, 417, 32 N. Y. Supp. 377; *State*

v. *Dahl,* 140 Wis. 301, 122 N. W. 748.) Nor is the rule altered
by any action taken by the appointing power, whether it attempts
to appoint the officer for a fixed term or by by-laws restricts the
power of removal to cases where cause for removal exists.
(*State* v. *Archibald,* 5 N. D. 359, 66 N. W. 234; *Wright* v.
*Gamble,* 136 Ga. 376, Ann. Cas. 1912C, 372, 35 L. R. A. (n. s.)
866, 71 S. E. 795.)

*Mr. H. C. Hall,* for Respondent, submitted a brief and argued
the cause orally.

It is the theory of the respondent that the writ of *quo war-
ranto* will not lie under the facts alleged in the complaint herein
for three reasons:

The position of chairman of the board of railroad commis-
sioners is not a public office within the meaning of section 6947,
Revised Codes. Public officers are usually required by law to
take the oath of office, and this fact goes far in determining the
character of the duty. (Mechem on Public Officers, sec. 6;
*State* v. *Wilson,* 29 Ohio St. 347; *Kavanaugh* v. *State,* 41 Ala.
399; *Lindsey* v. *Attorney General,* 33 Miss. 508; *Sweeny* v.
*Mayor,* 5 Daly (N. Y.), 274.) We herewith cite cases to the
effect that similar positions are not public offices within the
meaning of the statute. (*Cochran* v. *McCleary,* 22 Iowa, 75;
*Reynolds* v. *Baldwin,* 1 La. Ann. 162; *State* v. *Kiichli,* 53 Minn.
147, 19 L. R. A. 779, 54 N. W. 1069; *Prichard* v. *McBride,* 28
Idaho, 346, 154 Pac. 624.)

Though the position be a public office, it is one held at the
pleasure of the appointing power, and *quo warranto* will not
lie. In this portion of the brief we shall admit for the sake of
the argument that the position of the chairman of the board
of railroad commissioners is a public office. Granting this to
be a fact, the office is either held for a certain specified term
or at the pleasure or will of the appointing or electing board.
It would seem to be the theory of the relator herein that it be-
longs to the latter class, and that the board, whensoever it lists,
may remove its chairman and elect a new one. Under such

theory the writ of *quo warranto* will not lie.   Before *quo warranto* will lie the office must be a permanent substantive office, and not merely a position held at the will or pleasure of the appointing power.   (32 Cyc. 1422; High on Extraordinary Legal Remedies, sec. 626; *Darley* v. *Regina,* 12 Cl. & F. 520; *Regina* v. *Bagly,* 2 Ir. R. 335; *Regina* v. *Simpson,* 19 Wkly. Rep. 73; *State* v. *Stewart,* 6 Houst. (Del.) 359; *State* v. *Champlin,* 2 Bail. (S. C.) 220; *Attorney General* v. *Cain,* 84 Mich. 223, 47 N. W. 484; *Portman* v. *Fish Commrs.,* 50 Mich. 258, 15 N. W. 106; *People* v. *Ridgley,* 21 Ill. 65; *Attorney General* v. *McCaughey,* 21 R. I. 341, 43 Atl. 646.)

Granting the position is a public office, the term is for specified length of time, and respondent has never been removed therefrom.   (*Fuller* v. *Miller,* 32 Kan. 130, 4 Pac. 175; *Prichard* v. *McBride,* 28 Idaho, 346, 154 Pac. 624.)   Under the allegations of the complaint, J. H. Hall has never been removed from the office of chairman of the railroad commission.   There having been no removal, there was no vacancy to which Daniel Boyle could be elected or appointed.   Nor could there be any usurpation of the office by respondent.   Under such circumstances there is no occasion for the writ of *quo warranto,* and respondent's demurrer must be sustained.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By Chapter 37, Laws of 1907 (Rev. Codes, secs. 4363–4399), the "board of railroad commissioners of the state of Montana" was created, and by that Act, and Acts supplementary thereto, its powers and duties are defined.   The board consists of three members, each elected for a term of six years, and the present members are J. H. Hall, J. E. McCormick and Daniel Boyle.   Hall was elected in 1912, McCormick in 1914 and Boyle in 1916.   On January 1, 1917, Hall was duly elected chairman and continued in that capacity until April 16, when, at a regular meeting of the board at which all three members were present, by the votes of McCormick and Boyle he was deposed and Boyle elected chairman

in his stead. Hall refused to abide by the order, and has since claimed and assumed to act as chairman. This proceeding in the nature of *quo warranto* was instituted by Boyle to have determined the right or title to the chairmanship of the board. To the complaint, which sets forth the proceedings fully, the defendant demurred, and, electing to stand on his demurrer, the matter was submitted for final determination. Defendant presents three contentions:

1. That the chairmanship of the board is not a public office. If this be sustained, the other contentions need not be noticed; for though the authority of the state (represented by the attorney general) to invoke the remedy by *quo warranto* is quite [1] extensive (Rev. Codes, secs. 6943–6946), a private individual is limited in his right to the remedy to a single case, *viz.,* a case in which he claims "to be entitled to a *public office* unlawfully held and exercised by another" (sec. 6947). The question before us *in limine* is: Is the chairmanship of the board of railroad commissioners a public office, with public functions to be performed by the occupant independently of his duties as a member of the railroad commission?

Courts and text-writers have undertaken to define the term [2] "public office," and to prescribe certain criteria by which to determine whether, in a given instance, a public office is involved, but their efforts have been expended with rather indifferent success. The tests applied and found sufficient in one case have proved altogether inapplicable in another. The authorities are, however, quite generally agreed that the character of the functions to be performed is a primary consideration, if not a determining factor. (23 Ency. of Law, 2d ed., 323.) The duties attached to the position must concern the public directly, and must be imposed by public authority—not by contract. (Mechem on Public Officers, 1–6; Throop on Public Officers, 3, 4; Wyman's Administrative Law, sec. 44.) The duties must be public in the sense that they comprehend the exercise of some portion of the sovereign power and authority of the state, either in making, administering or executing the laws.

(*Eliason* v. *Coleman*, 86 N. C. 235; *Commonwealth* v. *Bush*, 131 Ky. 384, 115 S. W. 249.) They must be public, also, in the sense that they imply the element of personal responsibility, as distinguished from the merely clerical acts of an agent or servant. (*Attorney General* v. *Tillinghast*, 203 Mass. 539, 17 Ann. Cas. 449, 89 N. E. 1058.) In other words, a public officer is a part of the personal force by which the state thinks, acts, [3] determines and administers to the end that its Constitution may be effective and its laws operative. (*People* v. *Coler*, 166 N. Y. 1, 82 Am. St. Rep. 605, 52 L. R. A. 814, 59 N. E. 716.) While the elements of fixed term and compensation cannot be said to be indispensable to a public office, they are *indices* the presence of which points to the existence of such a position, and the absence of which indicates to some extent the contrary conclusion.

The board of railroad commissioners is the creature of statute. It has such authority as is conferred expressly or necessarily implied from that which is expressed. It is subject at all times to legislative regulation and control. Its officers and employees —even the members of the commission—may be dismissed from the service of the state by a repeal of the law which created the [4] board. Whether, then, the chairmanship of the board is a public office, with public duties and functions independently of the duties and functions which are attached to the office of commissioner, depends upon the intention of the legislature as manifested in the Act, when considered in the light of the general rules referred to above, and which are presumed to have guided the lawmakers to their ultimate determination.

The only mention of the chairmanship is found in section 4367, wherein it is provided that the board shall "organize by electing one of its members as chairman." While this is not the creation of the position by specific legislative enactment, it might be deemed sufficient if other and indispensable elements of a public office were present. Counsel have not directed our attention to any public duties or functions attached to the chairmanship by the legislature, and our research has disclosed but

a single reference, *viz.:* "The state shall furnish said board with suitable offices in the state capitol building at Helena, Mont., and provide it with all necessary furniture, stationery and printing, *upon requisitions signed by the chairman of said board.*"   (Sec. 4369.)   Throughout the original Act and the supplemental Acts the references are uniformly to the duties, powers and privileges of the board, while the chairmanship is dismissed by the brief references above.   Any member of the board may administer oaths (sec. 4365), or verify the vouchers for the board's expenses (sec. 4370).

Can it be said, then, with any degree of seriousness that a position to which are attached no duties, powers or prerogatives other than the authority to sign orders for paper, stamps and pencils is a public office, the incumbent of which is required by law to perform a portion of the sovereign power of the state?   To suggest the question is to answer it.   A review of these statutes would seem to indicate beyond the possibility of a doubt that while the board is created with important public functions to perform, and clothed with authority to make effective the purpose of its creation, the legislature, imposing trust and confidence in the intelligence and integrity of the members, referred to the board, as an entity, all matters of board regulation and control.

Section 4365, provides: "The board shall have power to adopt rules to govern its proceedings and to regulate the mode and manner of all investigations," *etc.*   In the absence of any specific declaration creating the office of chairman and in the absence of any independent public functions or powers attached to the position, this provision is peculiarly significant.   The legislature recognized the fact that in the orderly proceedings of the board there should be one member designated to preside over its deliberations, put all questions, and declare the will of the majority; in other words, to be the mouthpiece of the board, its agent and servant, but without authority or power independently of his authority as one member of the board and with such other power and authority only as the board might confer by appropriate rules and regu-

lations or in the absence of any rule upon the subject, then with such authority as accords with the spirit of parliamentary procedure and meets the approval of a majority of the board. No mention is made of the term for which the chairman shall hold the position. The legislature recognized further that the chairman would be selected by the members only because of their confidence in him; that the harmony and efficiency of the board would continue only so long as that confidence continued; and that whenever for any cause, or without cause, the chairman forfeits or otherwise loses that confidence upon the strength of which he was selected, the majority would have the authority to remove him and select a successor. That the legislature thus treated the chairmanship as a merely honorary position, the occupant of which is subject to control by the majority, holds the position at the will of the majority, performs, without compensation, whatever duties are assigned to him by the majority, and is without public power and authority independently of his office as a member of the board, is fairly conclusive evidence that it was not the intention of the legislature to create an independent public office.

Out conclusion is that the chairmanship of the board of railroad commissioners is not a public office, and therefore this proceeding cannot be maintained.

This demurrer is sustained and the complaint is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.