STATE OF MONTANA ex rel. DORETTA A. RUNNING, PLAINTIFF AND APPELLANT, v. BLANCHE JACOBSON, DEFENDANT AND RESPONDENT.

No. 10345.

Submitted February 15, 1962. Decided April 6, 1962.

370 P.2d 483.

Robert R. Skelton and Thomas P. Hendricks, Missoula (Robert R. Skelton, Missoula, argued orally), for appellant.

Harold J. Pinsoneault, County Atty., Missoula, (argued orally), Thomas R. Kennedy, Missoula (argued orally), for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court for

Missoula County, Montana, denying the plaintiff, Doretta A. Running's application for leave to file a complaint in *quo warranto against* the defendant, Blanche Jacobson.

This action was brought by the plaintiff, Doretta A. Running, pursuant to R.C.M.1947, § 93-6401, et seq., to test the right of the defendant, Blanche Jacobson, to occupy the "office" of Clerk of the Board of Trustees of School District No. 40, Frenchtown, Missoula County, Montana.

The petition for leave to file a complaint in *quo warranto* alleges: That on April 15, 1961, the plaintiff was, at a duly and regularly called meeting of the Board of Trustees of School District No. 40, Missoula County, Montana, appointed clerk of said board; that the term of her appointment, as fixed by law, was to run from April 15, 1961, until the third Saturday in April, 1962; that she qualified for the position by subscribing to the oath and filing the bond prescribed by law; that she entered into and upon the discharge of her duties on April 15, 1961, and continued to carry out such duties until July 14, 1961; that from and after her appointment she never resigned, abandoned or forfeited the "office" of clerk, nor has such "office" ever been abolished, nor has she ever been removed or displaced from such "office" by the judgment of any court; that on July 14, 1961, the defendant, Blanche Jacobson, well knowing the premises aforesaid, unlawfully usurped the "office" of Clerk of the Board of Trustees of School District No. 40, and entered into and upon the exercise of all the powers and duties incidental thereto; that by such unlawful usurpation, the defendant became possessed of said "office" contrary to law; that from and since July 14, 1961, the defendant has unlawfully held said "office," the plaintiff being during all such time the legal and lawfully appointed clerk; and that from and since said date, the defendant has refused and still does refuse "to allow the Plaintiff to hold and execute said office or to receive the emoluments or to enjoy the rights, privileges and emoluments thereof."

It is the contention of the plaintiff that, as clerk of the Board of Trustees of School District No. 40, she was a public officer and therefore could be removed only for cause after notice and after an opportunity to be heard as provided by R.C.M.1947, Chapter 55 of Title 94 (Removal of Officers Otherwise than by Impeachment), and R.C.M.1947, § 75-1832.

The defendant contends that the clerk of the board of trustees of a school district is not a public officer, nor is she employed to a set term, but that she is merely an employee with administrative duties, and as such may be removed without notice or an opportunity to be heard. The defendant further contends that since *quo warranto* will lie only as against an officer, and not an employee, that the application by the plaintiff for leave to file a complaint in *quo warranto* was by the lower court properly denied.

The sole question raised by this appeal, therefore, is whether the position of Clerk of the Board of Trustees of School District No. 40 is a public office or an employment and whether the occupant thereof is a public officer or an employee.

In State ex rel. Boyle v. Hall, 53 Mont. 595, 600, 165 P. 757, this court said:

"Courts and text-writers have undertaken to define the term 'public office,' and to prescribe certain criteria by which to determine whether, in a given instance, a public office is involved, but their efforts have been expended with rather indifferent success. The tests applied and found sufficient in one case have proved altogether inapplicable in another. *The authorities are, however, quite generally agreed that the character of the functions to be performed is a primary consideration, if not a determining factor.* 23 Ency. of Law (2d Ed.), 323. The duties attached to the position must concern the public directly, and must be imposed by public authority—not by contract. Mechem on Public Officers 1-6; Throop on Public Officers, 3, 4; Wyman's Administrative Law, § 44. *The duties must be pub-*

*lic in the sense that they comprehend the exercise of some portion of the sovereign power and authority of the state, either in making, administering, or executing the laws.* Eliason v. Coleman, 86 N.C. 235; Commonwealth v. Bush, 131 Ky. 384, 115 S.W. 249. They must be public, also, in the sense that they imply the element of personal responsibility, as distinguished from the merely clerical acts of an agent or servant. Attorney General v. Tillinghast, 203 Mass. 539, 89 N.E. 1058, 17 Ann.Cas. 449. In other words, a public officer is a part of the personal force by which the state thinks, acts, determines, and administers to the end that its Constitution may be effective and its laws operative. People [ex rel. Rodgers] v. Coler, 166 N.Y. 1, 59 N.E. 716, 52 L.R.A. 814, 82 Am.St.Rep. 605. While the elements of fixed term and compensation cannot be said to be indispensable to a public office, they are indices the presence of which points to the existence of such a position, and the absence of which indicates to some extent the contrary conclusion.'' Emphasis supplied.

In the case of State ex rel. Barney v. Hawkins, 79 Mont. 506, 528, 257 P. 411, 418, 53 A.L.R. 583, this court stated:

''* * * we hold that five elements are *indispensable* in any position of public employment, *in order to make it a public office of a civil nature:* (1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) *it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public;* (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the Legislature and by it placed

under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional. In addition, in this state, an officer must take and file an official oath, hold a commission or other written authority, and give an official bond, if the latter be required by proper authority." Emphasis supplied. See also State ex rel. Nagle v. Page, 98 Mont. 14, 37 P.2d 575; State ex rel. Nagle v. Kelsey, 102 Mont. 8, 55 P.2d 685; State ex rel. Dunn v. Ayers, 112 Mont. 120, 113 P.2d 785.

If any one of the five elements, recited in State ex rel. Barney v. Hawkins, supra, is absent in a public service position, such position is an employment and not a public office, and the occupant thereof is an employee and not an officer. All the elements must be present.

In the case at bar, the first element is present but the second element is lacking. (It is not necessary for us to discuss whether the other three elements are present.) Unless there was delegated to the clerk of the board of trustees of a school district some of the sovereign functions of government "to be exercised for the benefit of the public," the clerk's position is not a public office. This court in State ex rel. Barney v. Hawkins, supra, quoting from Mechem on Public Offices and Officers, § 4, p. 5, said:

" 'The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive or judicial, attaches, for the time being, to be exercised for the public benefit. *Unless the powers conferred are of this nature, the individual is not a public officer.*' " Emphasis supplied.

The clerk of the board of trustees of a school district does

not perform any of the sovereign functions of government. His duties, which are set forth in R.C.M.1947, Chapters 16, 17, 18, 19, and 39, of Title 75, are confined to matters of administrative detail. R.C.M.1947, § 75-1604, for example, provides that the clerk must receive, file and post the names of all the candidates for membership on the school board; R.C.M. 1947, § 75-1605, provides that in districts of the second and third classes the clerk must post election notices and must notify the judges of the election of their appointment; and R.C.M. 1947, § 75-1608, provides that, in districts of the first class the clerk must post election notices and must, if so directed by the board of trustees, have the election notices published "in some newspaper in the county."

Manifestly, these duties do not comprehend a delegation of any part of the sovereign authority of the state, or authorize the exercise in the clerk's own right of any sovereign power or any prescribed independent authority of a governmental nature. Neither do any of the other statutory duties of the clerk lead to such a conclusion.

We hold, therefore, that the plaintiff was not an officer but an employee, within the generally accepted legal definition of the term, and that consequently the rule applicable to removal of public officers does not apply and the application for leave to file a complaint in *quo warranto* against the defendant was by the lower court properly denied.

The judgment appealed from is affirmed. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and DOYLE concur.