No. 88-82

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA, ex rel.,
JAMES T. PAUGH,

        Petitioner,

   vs.

DOROTHY BRADLEY,

        Respondent.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Petitioner:

        James T. Paugh, pro se, Bozeman, Montana

    For Respondent:

        Dorothy Bradley, Bozeman, Montana

Submitted:   February 23, 1988

Decided:   March 3, 1988

Filed:  MAR 3 - 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In this cause, we determine that the original proceedings brought in this Court by James T. Paugh, seeking a writ of quo warranto against Dorothy Bradley, a law clerk and master for Division II of the District Court of the Eighteenth Judicial District, Gallatin County, is jurisdictionally deficient and therefore we order DISMISSAL of the same.

This matter originated on February 8, 1988, when James T. Paugh filed an instrument entitled "Petition to Montana Supreme Court" in which instrument James T. Paugh named himself as petitioner, and Dorothy Bradley as respondent, and in which petitioner Paugh moved this Court to enter judgment against Dorothy Bradley as hereafter described.

The petition was returned to Paugh on February 10, 1988, by the Clerk of this Court, along with a letter apprising him that he was required to pay the sum of $75.00 for a filing fee, that the Clerk of this Court could not by law advise him as an attorney on how to proceed and that the action in any event had to be brought in the name of the state under § 27-28-301, MCA.

On February 18, 1988, Paugh again filed a petition in this Court, captioned "State of Montana ex rel. James T. Paugh, Petitioner v. Dorothy Bradley, Respondent." In the instrument, Paugh moves that this Court enter a judgment against Dorothy Bradley as such law clerk and master and "that she immediately cease to be in violation of the Constitution of the State of Montana."

The petition states that the motion is made pursuant to Art. III, § 1 of the Montana Constitution, which provides:

Separation of Powers. The power of the government in this state is divided into three distinct branches--legislative, executive, and judicial. No person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution as expressly directed or permitted.

In a brief statement of facts, the petitioner recites that law clerk and master Dorothy Bradley is the same person as Dorothy Bradley, a legislator from Legislative District No. 79 of the State of Montana. Attached to the petition is a copy of a letter dated October 3, 1986 from the Hon. Joseph B. Gary as district judge of the Eighteenth Judicial District to the Gallatin County Commissioners, in which letter the salary of Dorothy Bradley is discussed. On the letterhead appears the legend "Dorothy Bradley, J.D., Law Clerk and Master." Paugh's petition further recites that the copy of the letter shows that Dorothy Bradley is indeed a law clerk and master, and that she would be gone from her employment as a law clerk during the months that the Legislature would be in session.

The petitioner requested that the Montana Supreme Court order Dorothy Bradley removed from her position in the District Court, or that she show cause within 30 days why the Constitution of the State of Montana does not have to be obeyed. The petition itself is designated by Paugh as "Writ of Quo Warranto."

The petition is deficient in at least the following particulars:

1. The proceedings have not been instituted by the filing of a complaint. Section 27-28-201, MCA.

- 3 -

2. The standing of James T. Paugh to bring the action is not shown;

3. The petition does not indicate that Paugh himself seeks to hold the position of law clerk, now held by Dorothy Bradley, which might entitle him to bring the action;

4. Otherwise, the petition should be brought for the State by the Attorney General and not by a private person;

5. The petition fails to show that Dorothy Bradley, as a person employed as a Law Clerk and Master in the Eighteenth Judicial District is a public officer.

Because of those deficiencies, James T. Paugh has not shown any right to relief.

Quo warranto is a common law remedy derived from the common law of England, 65 Am.Jur.2d 230-231 Quo Warranto, § 2, but in Montana is controlled by statutory provisions which deal with the subject. Title 27, Ch. 28, MCA.

A quo warranto proceeding may be directed against a person who usurps or unlawfully holds or exercises a public office, or a franchise within the state or an office within a corporation created by the authority of the state (§ 27-28-101, MCA). It is a proceeding that grew up in the common law of England where the government was personified in the King. He was in theory the source from which all governmental powers or franchises were derived, and so the exercise by an individual of any such powers or franchises without grant from the King was necessarily a usurpation of a regal prerogative. Such being the case, it was required that the proceeding should be instituted in the King's own right, in his name, and at the instance of his legal representative, the Attorney General. The development of quo warranto proceedings is described in 65 Am.Jur.2d 279 Quo Warranto, § 69, as follows:

> . . . Since private individuals frequently had a
> stronger interest in initiating quo warranto
> proceedings than did the government, especially in
> connection with offices in corporate bodies, there
> grew up a class of informations in the nature of
> quo warranto which were in fact initiated by
> private relators, and the proceedings became
> divided into those that were filed by the attorney
> general ex officio on behalf of the Crown and those
> that were exhibited by the master of the Crown
> office on the relation of some private individual
> not named . . .

Under the statutory scheme in our state, therefore, in light of the origins of quo warranto under the common law, it is provided that the civil action must be brought in the name of the state against the person who is usurping or unlawfully holding or exercising a public office. It is further required that the Attorney General is required to commence an action for the State in quo warranto, either when directed by the Governor, or when upon complaint or otherwise he has good reason to believe that a corporation is misusing its business or franchise. Section 27-28-103, MCA.

The only provisions enabling a private person to bring an action in quo warranto are those found in § 27-28-301, MCA. It is provided that "a person claiming to be entitled to a public office unlawfully held and exercised by another, by himself or by an attorney and counselor at law, may bring an action therefore in the name of the state . . ." It does not appear from Paugh's petition that he is claiming to be entitled to the position of Law Clerk and Master in Division II of the District Court of the Eighteenth Judicial District. He, therefore, does not come within the statutory requirement which would authorize him to bring this action in the name of the state. Quo warranto is a prerogative writ (that is it is a writ that belongs particularly to the state) and as such it

is administered cautiously and in accordance with well-defined principles. 65 Am.Jur.2d 233 Quo Warranto, § 5. Those well-defined principles are set forth for our purposes in the statutes made and provided.

In State ex rel. Boyle v. Hall (1917), 53 Mont. 595, 165 P. 757, the action was brought on the relation of Boyle, who claimed he was entitled to the chairmanship of the Board of Railroad Commissioners and that the office was being usurped by Hall. This Court determined that the chairmanship of the board was not a public office and therefore that Boyle was not entitled to quo warranto relief. In passing on the question, however, this Court stated:

> 1. That the chairmanship of the board is not a public office. If this be sustained, the other contentions need not be noticed; for though the authority of the state (represented by the attorney general) to invoke the remedy by quo warranto is quite extensive (citing statutes), a private individual is limited in his right to the remedy to a single case, viz., a case in which he claims "to be entitled to a public office unlawfully held and exercised by another" (citing a statute). The question before us in limine is: Is the chairmanship of the board of railroad commissioners a public office, with public functions to be performed by the occupant independently of his duties as a member of the railroad commission?

53 Mont. at 600, 165 P. at 757.

Although dictum, the foregoing quotation reflects the opinion of the court that the right of an individual to proceed in the name of the state in quo warranto is limited to those cases where the relator claims to be entitled to a public office.

The court, in State ex rel. Boyle v. Hall, went on to define what constitutes a public office:

- 6 -

> The duties attached to the position must concern the public directly, and must be imposed by public authority--not by contract (citing authority). The duties must be public in a sense that they comprehend the exercise of some portion of the sovereign power and authority of the state either in making, administering or executing the laws. (Citing authority.) They must be public also, in the sense that they imply the element of personal responsibility, as distinguished from the merely clerical act of an agent or servant. (Citing authority.) In other words, a public officer is a part of the personal force by which the state thinks, acts, determines and administers to the end that its Constitution may be effective and its laws operative. (Citing authority.) While the elements of fixed term and compensation cannot be said to be indispensible to a public office, they are _indices_ the presence of which points to the existence of such a position, and the absence of which indicates to some extent the contrary conclusion.

53 Mont. at 600-601, 165 P. at 757-758.

In State ex rel. Barney v. Hawkins (1927), 79 Mont. 506, 257 P. 411, relator Barney brought an action against Hawkins and others seeking to enjoin them from approving payment of compensation to one Grant Reed. Reed was a representative in the Montana Legislature. While his term of office was extant, he was appointed by the Board of Railroad Commissioners as an auditor for the Board at a salary of $225 per month. This Court determined that as an auditor of the Board, Reed in the execution of his duties was subject to the absolute control of the Board. Therefore, this Court held that he was not a public officer. In passing, the Court said:

> . . . we hold that five elements are indispensible in any position of public employment, in order to make it a public office of a civil nature: (1) it must be created by the Constitution or by the legislature or created by a municipality or other

- 7 -

body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred and the duties to be discharged must be defined, directly or impliedly, by the legislature or to legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity and not be only temporary or occasional. In addition, in this state, an officer must take and file an official oath, hold a commission or other written authority and give an official bond, if the latter be required by proper authority. (Citing authority.)

79 Mont. at 528-529, 257 P.2d at 418.

In State ex rel. Running v. Jacobson (1962), 140 Mont. 221, 370 P.2d 483, we find an action quo warranto brought by Running to test the right of Jacobson to occupy the "office" of Clerk of the Board of Trustees of Frenchtown, Missoula County, Montana. The Court held that the office of Clerk of a school board was not a public office and the occupant thereof was an employee and not an officer. The writ of quo warranto was denied.

Finally, in State ex rel. Nagle v. Page (1934), 98 Mont. 14, 37 P.2d 575, Nagle, as Attorney General brought an action against Page to remove him from his duties as boiler inspector for the Industrial Accident Board. Page was a regularly elected state senator from Granite County and was still in his term of office when he was appointed and began to perform the duties of a boiler inspector. The Attorney General contended that the respondent as a state boiler inspector was occupying a state office and that quo warranto

- 8 -

lay against him as an officer.  The court held that since the power to supervise the conduct of the boiler inspector was vested absolutely in the Industrial Accident Board, he was not a public officer subject to quo warranto.

In the case of Dorothy Bradley, the pertinent provision of the Montana Constitution to be considered is Art. V, § 9, which provides:

> Disqualification.  No member of the legislature shall, during the term for which he shall have been elected, be appointed to any civil office under the state . . .

In State ex rel. Barney v. Hawkins, supra, it was held that a "civil" office was the equivalent of a "public" office.

A Law Clerk, it is clear, acting as an employee of the court, is not exercising the sovereign power of the state, since he or she is subject to the supervision and control of the judge or justice who is the employer.  The question remains whether a Master exercises a portion of the sovereign judicial authority.  Again, it is clear that a Master is not a public officer:

> Although having duties and obligations of a judicial officer, a master does not sit as a court. The master's function is to perform the duties imposed upon him by the order of reference and, when so provided by the reference, to report his findings of fact and conclusions of law to the court that appointed him for action by that court upon his report.  Although the district court is to accept the master's findings of fact unless clearly erroneous, the master's report is advisory.  It is the district court that makes an adjudication upon the facts and law and enters judgment.  A mere order confirming the master's report is not a judgment within the meaning of Rule 54.

- 9 -

5a Moore's Federal Practice at 53-134 (1984), Masters §
53.12[8].

Accordingly, the proceedings herein brought by James T.
Paugh are by the Court DISMISSED.

DATED this _3ᵈ_ day of March, 1988.

_John C. Sheehy_
                                        Justice

We Concur:

_J. A. Turnage_

_John Conway Harrison_

_Fred J. Weber_

_William E. Hunt_

_R. C. McDonough_

_L. C. Gulbrandson_
            Justices